UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 02-00578 AHS (ANx) | Date | January 10, 2011 |
|---|---|---|---|
| Title | Ultimax Cement Manufacturing Corp., et al v. CTS Cement Manufacturing Corp., et al. . | | |

| Present: The Honorable | ALICEMARIE H. STOTLER, UNITED STATES DISTRICT JUDGE |
|---|---|
| Loretta Anderson | None |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| None Present | None Present |

**Proceedings:**      (In Chambers)  Order Denying Defendants' Motion to Dismiss for Lack of Standing Regarding U.S. Patent No. 4,957,556 (ECF No. 1123)

## I.     Procedural History

On August 27, 2010, defendants CTS Cement Manufacturing Company and others ("Defendants") filed a "Motion to Dismiss for Lack of Standing Regarding U.S. Patent No. 4,957,556" ("Motion").  On October 29, 2010, Heartland Cement Sales Company ("HCSC") filed a "Response to Defendants' Motion to Dismiss for Lack of Standing." On October 30, 2010, plaintiff Ultimax Cement Manufacturing Corporation and others ("Plaintiffs") filed opposition.  On November 12, 2010, Defendants filed a reply.  The Motion came on for hearing on December 17, 2010, after which the Court took the Motion under submission.

## II.     Summary of Parties' Contentions

Defendants argue that Plaintiffs lack standing with regard to U.S. Patent No. 4,957,556 ("the '556 Patent") because plaintiff Hassan Kunbargi worked on the '556 Patent while he was a graduate student at the University of California at Los Angeles ("UCLA" or "University").  Specifically, Mr. Kunbargi stated that he "did this work [concerning the '556 Patent] in the UCLA laboratory on my own time with materials I purchased with my own funds from an outside supplier."  (See Decl. of Kurt T. Mulville ("Mulville Decl."), Ex. 3-5:17-27.)  Because Mr. Kunbargi executed the University Policy Regarding Patents and the Patent Agreement, (see Mulville Decl. Ex. 1), which allows the University to secure ownership to any invention made by a graduate student, Mr. Kunbargi cannot claim the inventive subject matter of the '556 Patent as his personal property.  Consequently, Plaintiffs do not have standing to assert claims under the '556

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 02-00578 AHS (ANx) | | Date | January 10, 2011 |
|---|---|---|---|---|
| Title | Ultimax Cement Manufacturing Corp., et al v. CTS Cement Manufacturing Corp., et al. . | | | |

Patent.

Plaintiffs respond, *inter alia*, that they have standing because the '556 Patent was never assigned to the University, nor did the University request assignment. Moreover, the Patent Agreement is an "agreement to assign," not an automatic assignment. (See Mulville Decl. Ex. 1-2.) In an agreement to assign, the other party to the agreement does not acquire legal title to the patent absent assignment, and therefore lacks any standing to sue for infringement. If the University has any unexercised right, the remedy is to add it as a plaintiff instead of dismissing the lawsuit.[1]

## III. Discussion

"Although state law governs the interpretation of contracts generally," federal law governs "the question of whether a patent assignment clause creates an automatic assignment or merely an obligation to assign." Bd. of Trs. v. Roche Molecular Sys., Inc., 583 F.3d 832, 841 (Fed. Cir. 2009) (quoting DDB Techs., LLC v. MLB Advanced Media, LP, 517 F.3d 1284, 1290 (Fed. Cir. 2008)), cert. granted, Bd. of Trs. v. Roche Molecular Systems, Inc., 131 S. Ct. 502 (2010).[2] The justification for this rule stems from the fact that interpreting a patent assignment clause "is intimately bound up with the question of standing in patent cases." Id. (quoting DDB Techs., 517 F.3d at 1290). Under federal law, contract language such as "'agree to assign' reflects a mere promise to assign rights in the future, not an immediate transfer of expectant interests." Id. Thus, in Roche Molecular Sys., the court held that a university did not immediately gain title to inventions under a contract that stated "I *agree to assign or confirm in writing* to Stanford and/or Sponsors that right, title, and interest in . . . such inventions as required by Contracts or Grants." Id. at 841-42 (emphasis and omissions in original). By contrast, the court held that a company did immediately gain title to inventions when the following language was used: "I will assign and *do hereby assign* to CETUS, my right, title, and

---

[1] HCSC does not join or oppose Defendants' motion.

[2] Defendants' counsel indicated at the December 17, 2010 hearing that it was his understanding that a case could not be cited when *certiorari* was granted. Counsel may have had in mind Rule 8.1105(e)(1) of the California Rules of Court, which states that "an opinion is no longer considered published if the [California] Supreme Court grants review . . . ." That is not the federal rule.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 02-00578 AHS (ANx) | Date | January 10, 2011 |
|---|---|---|---|
| Title | Ultimax Cement Manufacturing Corp., et al v. CTS Cement Manufacturing Corp., et al. . | | |

interest in each of the ideas, inventions, and improvements." Id. at 842 (emphasis in original).

    Here, the Patent Agreement signed by Mr. Kunbargi reflects a promise to assign rights in the future—not a present assignment: "In the event that any such invention shall be deemed by University to be patentable, . . . I shall execute any documents and do all things necessary at University's expense, to assign to University all rights, title, and interest therein and to assist University in securing patent protection thereon." (Mulville Decl. at 1-2, 1-6, 1-7.)  While the University may have gained certain equitable rights against Mr. Kunbargi for his alleged failure to furnish the university with complete information with respect to the '556 Patent, (Mulville Decl. at 1-2, 1-6), the Patent Agreement does not immediately confer the University with title to the '556 Patent nor otherwise deprive Plaintiffs of standing.  Roche Molecular Sys., 583 F.3d at 841-42.

## IV.  Conclusion

    Accordingly, and for the foregoing reasons, Defendants' Motion is denied.

    IT IS SO ORDERED.

    The Clerk shall serve a copy of this minute order on counsel for all parties in this action.

                                                                            :

Initials of Deputy Clerk    lma